## SAMUEL O. WALKER ET AL.
## v.
## MARTHA A. WALKER.

DOWER—ASSESSMENT BY JURY.—In a proceeding for dower, where the ·commissioners report that the premises are not susceptible of division, and a jury is empaneled to inquire of the yearly value of the dower therein, the verdict of the jury is like the finding of a fact at law; is alone the foundation of the decree, and is binding upon all the parties until vacated and set aside by the Court. It is not like the trial of a feigned issue out of chancery which the Court may approve or reject in whole or in part, as may appear to him most equitable.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. SMALL & Moore for appellants; that the statute allowing a jury to assess the value of dower, is imperative, and the court must enter a decree in conformity with the verdict, or, if erroneous, set it aside and direct a new trial, cited Rev. Stat. chap. 41, § 39; Meeker v. Meeker, 75 Ill. 268.

The words "may" and "shall" in the statute are inter·changeable, and when the rights of parties are involved, the statute is imperative: Fowler v. Perkins, 77 Ill. 373.

Without consent of parties, the court was not authorized to disregard the finding of the jury: Story's Eq. §§ 72, 624; Scribner on Dower, 674; Perry v. Goodwin, 6 Mass. 498; Martin v. Martin, 2 Green, 125.

Messrs. ISHAM & LINCOLN, for appellee; that it was the duty of the court to reject so much of the verdict as was irrelevant, and enter judgment on the proper part of the verdict; cited Armstrong v. The People, 37 Ill. 459.

As to the measure of damages in dower: Hitchcock v. Harrington, 6 Johns. 294.

It is the duty of the heirs to pay off incumbrances paramount to dower, and when so paid, dower revives in the whole: Brown v. Lapham, 3 Cush. 551; Sandford v. McLean, 3 Paige

Ch. 122; Rossiter v. Cossitt, 15 N. H. 38; Mathewson v. Smith, 1 Angell, 22; 1 Scribner on Dower, 525.

The purchase by the attorney of the heirs of certain liens and incumbrances upon the estate come within the rule, that the lien paid formed part of the consideration, and so was paid by the estate, and dower in the whole was thereby established: Carter v. Goodin, 3 Ohio St. 76; Hitchcock v. Harrington, 6 Johns. 292; Bolton v. Ballard, 13 Mass. 227; Coates v. Cheever, 1 Cow. 460; Wedge v. Moore, 6 Cush. 8; 1 Washburn on Real Property, *190.

MURPHY, P. J.   On the 18th day of August, 1874, the appellee exhibited her petition in the Superior Court of Cook county, praying for the assignment of dower in several parcels of land, of which Martin O. Walker died seized, including lots number 16 to 24 inclusive, in block 9, in Fort Dearborn addition to Chicago. . She alleged that she was married to said Martin O. Walker on the 7th day of May, 1874, and that he departed this life the 28th day of the same month; that the premises in which she claims the right of dower, are claimed by the heirs-at-law of said Walker, to wit: Samuel O. Walker and Edward L. Walker, and that the defendants wrongfully withheld her rightful estate in dower.   Upon the answers of the defendant's general replications thereto, the cause was brought on to be heard; when on the 13th day of January, 1877, an interlocutory decree was made.   This decree, among other things, adjudged that the appellee was entitled to dower in several parcels of property, among which are lots 16 to 21 inclusive, in block 9, in Fort Dearborn addition to Chicago. By this decree, commissioners were appointed in pursuance to the statute, to admeasure and set off to the appellee her said dower.   These commissioners subsequently reported back to the court that the premises were of such a character as not to be susceptible of division without damage to the whole.   Thereupon, on motion of the counsel for the appellee, a jury was called and impaneled to inquire of the yearly value of the dower of appellee in said premises, which, after hearing the evidence and instructions of the court, returned into court the following verdict, to wit:.

"The jury find for the plaintiff, as her annual dower in the above described property, the sum of $1,500.00, subject to the following provision: Should the so-called Tucker, Brown & Co. mortgage be held legal, and a lien on the above described property, then we find no dower in said property."

Upon this verdict the court decreed for the appellee, that the sum of $1,500.00 per annum, from and after the 20th day of February, 1878, be paid to the appellee, payable in quarterly payments of $375 each, on the 21st day of the months of August, November, February and May, occurring thereafter, during her natural life. To this decree the appellants excepted, and prayed an appeal to the court. They insist that the court erred in disregarding the verdict of the jury in relation to said property. That the court erred in making the annual dower on said property payable forthwith, in the manner required by the decree in said cause; because the decree in said cause is inconsistent with said verdict.

This proceeding is instituted and carried on under and by virtue of section 39 of chapter 41, of the Revised Statutes of 1874, 427. It reads as follows, to wit: "When the estate out of which dower is to be assigned, consists of a mill or other tenement which cannot be divided without damage to the whole; and in all cases where the estate cannot be divided without great injury thereto, the dower may be assigned out of the rents, issues and profits thereof, to be had and received by the person entitled thereto as tenant in common with the owners of the estate, or a jury may be impaneled to inquire of the yearly value of the dower therein, who shall assess the same accordingly; and the court shall thereupon enter a decree that there be paid to such person as an allowance, in lieu of dower, on a day therein named, the sum so assessed as the yearly value of such dower, and the like sum on the same day of each year thereafter, during his or her natural life, and may make the same a lien on any real estate of the party against whom such decree is rendered."

It will be observed that the foregoing section has application only in cases where the property in which dower has to be assigned is not susceptible of division without injury to the

whole. It provides for two methods or modes of procedure in such cases. One is by assigning to the party entitled thereto a proper proportion of the rents, issues and profits of the premises, and the other is to impanel a jury to inquire of the yearly value of the dower therein, and it is for the applicant for such assignment to elect which one of these methods they will adopt; and if, as in this case was done, they elect to impanel and take the verdict of a jury, we think that must constitute the foundation of the decree, and that in such a case no decree is sustainable except such a one as is warranted and sustained by the verdict. It is not like the trial of a feigned issue arising out of chancery, merely advisory to the chancellor, a thing he may approve or reject in whole or in part, as may appear to him most equitable. It is a statutory finding by the jury, which, like the finding of a fact at law, is binding on all parties until vacated and set aside by the court. As we have seen, the verdict alone is the foundation for the decree; an important question necessarily arises on the sufficiency of the verdict to sustain and justify the decree.

The record discloses the fact that for the purpose of securing a contingent liability to Tucker, Brown & Co. the said Martin O. Walker, in his life-time, the appellee joining him therein, executed a certain deed of trust on the premises in controversy, dated April 15, 1874, to Charles E. Brown, of Buffalo, New York, for their use, for the sum of $119,000, which said trust deed was recorded in the recorder's office of Cook county, Illinois, in volume 413, page 13, and still subsists of record, an apparent lien upon said property. It is this trust deed to which the jury in the verdict referred as the "so-called Tucker, Brown & Co. mortgage." The jury has found for the appellee that she received the sum of $1,500 per annum, subject to the following provision or condition: "That is, if the Tucker, Brown & Co. mortgage be held invalid, then the appellee should be entitled to the said sum of $1,500 per annum, as dower. But if said mortgage be held a valid lien, "then we find no dower for the plaintiff, in said property." Thus it appears that the jury did not intend to give a verdict for the appellee except upon condition that the Tucker, Brown & Co.

mortgage be first declared invalid, and no lien on the property —a verdict we think the jury had no legal warrant for making. The jury was impaneled to inquire of the yearly value of the dower in said property. That from all the evidence and circumstances in the case, the jury should have found, and found some definite sum, and unconditionally fixing such sum as she was fairly, under the circumstances, entitled to. This the jury has not done, but has found a verdict predicated upon a condition which they knew did not exist, namely: the cancellation of the Tucker, Brown & Co. mortgage, and which thus works its own defeat. The court did not have the question of the "*bona fides*" of the Tucker, Brown & Co. mortgage before it. Neither the pleadings nor proofs raised that question; and hence the court was powerless to make such a decree in respect thereto, as would, under the verdict, enable the court to decree dower; so we think the court should have set the verdict aside, as being bad for uncertainty; and that it was error to refuse, and as a consequence, it was error to make the decree for dower as it did, predicated on such verdict.

In the light of these views, the decree of the court below will be reversed and the cause remanded, with directions to that court to set the verdict of the jury aside, and permit the appellee to so amend her bill, if she desires, as to raise the question of the validity of the Tucker, Brown & Co. mortgage. If such course is not desired by her, then for further proceedings in the case.

*Decree reversed.*